All right, we are still, we're going to proceed to the third case for today. We're still waiting on everybody to assemble for the first case. So I'll call now the case of the United States v. Ralph Fox. Good morning. Good morning. May it please the court. My name is Cheryl Lowenthal. I am appointed counsel for the appellant, Ralph Fox. We are here today following a guilty plea and a sentence to the statutory maximum of 360 months in prison. It is our position on the appeal that although the trial judge indeed had the power, the authority, and the jurisdiction to impose a sentence of 360 months, that it was not reasonable. And the reason it was not reasonable is that the prosecutor was a seasoned and accomplished prosecutor. He even had an LLM from the U.S. Court of Military, from the Judge Advocate General's School. He probably had the best understanding of the facts in the case that he had, better than anyone else. And he recommended, or he said in the written plea agreement, that he would not request more than 240 months. And he stood by that, and it was in the plea agreement that the government would recommend not to request any sentence greater than 240 months. The individual defendant that we have today, he's over 60 years old. He has a health condition. As his counsel argued at the sentencing, the chances of his surviving a 240-month or 20-year sentence were small. A 360-month sentence is surely, he will, you know, I'm not the life, I don't have life expectancy tables. But for a person of his age and in his health, it is likely he will not survive a 360-month sentence in custody. The facts of the case are unpleasant and bad. However, when a person enters into a plea agreement, and it seems that for public policy reasons, and so many cases in the federal criminal justice system are resolved by plea agreement, and so few cases go to trial, if people charged with criminal offenses in the federal criminal system understand that, yes, I could plead guilty, and the prosecutor could even say, I would recommend not more than 240 months. And indeed, it is that it must be a recommendation. It must be based upon his understanding of the facts and the case. And yet the judge goes ahead and imposes the statutory maximum on a guilty plea. Why would anybody enter into a guilty plea when they know they risk getting the statutory maximum, and that a prosecutor's recommendation or his evaluation of what he thinks perhaps would be a reasonable sentence is just completely overlooked? I have, again, there's no doubt that the judge certainly had the authority to do it. But whether it was reasonable on the facts of the case, given who the defendant is and his age and his health, and then we have, in addition to the reasonableness of the sentence, we had a five-point enhancement, a five-level enhancement under Sentencing Guideline 4B1.5, which appears to be double-counting based upon another enhancement that was imposed under 2G2.1B2A. There are cases that indicate that perhaps the 4B1 enhancement, the five-point enhancement, brings him to a level where his recommended guidelines range is actually life. But had that five-point enhancement not been imposed, he would have been within a range, an advisory sentencing guidelines range that the 240 months would have fit within there, sort of in the middle of it. It would have been, I think, 232 to 296, so that 240 would have fit right in there. It was the trial lawyer's position at the sentencing that the 4B1.5 enhancement should not have been granted, and then the prosecutor argued that there were photographs, multiple photographs. They were on his iPhone, and they had been then deleted from the iPhone, but, of course, they were able to be recreated or discovered. And the fact that there were multiple photographs and the photographs had different clothing indicated that the acts occurred on different days, they said that that was enough to support the enhancement for a repeat and dangerous offender against minors. And I would just remind the court of a concurring and dissenting opinion that was entered by a judge of this court in February The judge was Newsom, the case is Caniff. And the judge indicates that as distasteful and unpleasant and horrible as these cases may be, we do have to remember that the law sometimes requires us to do things that are not what we would prefer to do and that are distasteful, and I did not cite this case in my brief and I didn't provide a supplemental authority and I'm not relying on it for the merits of the case, but just for the fact that the judge wrote in his dissent that it's an unpleasant case and we don't like dealing with these things, but that we have to remember to follow the law and be reasonable. And I think that anyone who... That had to do with statutory interpretation. It did, yes. That's a different statute. Yes, but it was a similar offense, however, and how distasteful the offense is, and yet he would have ruled in the favor of the defendant's position, regardless of how distasteful and unpleasant it would be. And with that, I think I will conclude. Thank you. Thank you. You've saved some time for rebuttal if you need it. Thank you. Good morning. Good morning. May it please the Court. Robert Davies for the United States. I'll track the appellant's argument and go to the second argument first. The district court sentence was substantively reasonable. The fact that the government agreed to and did not request a sentence of greater than 240 months does not make the district court's guideline sentence of 360 months unreasonable. The plea agreement and the plea colloquy both made clear that the government would not request a sentence greater than 240 months. We abided by that plea agreement. The plea agreement and the plea colloquy made clear that the district court was not bound by that. The district court considered all the 3553 Act factors and imposed a reasonable sentence. In addition to the crime of conviction, the production of child pornography, you have the fact that the defendant repeatedly raped his granddaughter for a year period, and then he repeatedly raped his younger granddaughter for at least a month. Both girls were under 12. If you read GP's testimony at the sentencing hearing, which is at pages 22 to 26 of document 70, you see that the defendant's year-long abuse of her and rapes of her for a year was devastating to her. Now it continues to be devastating to her. Considering all these factors, the district court's guideline sentence was in the range of reasonable sentences it could impose, and it was proper, and the court should affirm it. With regard to the second issue about the 4B1.5B enhancement, the district court properly imposed that enhancement. First of all, it was proper because of the guidelines and the commentaries' plain language. In addition to that, you've got the Second, Eighth, and Tenth Circuit opinions that all support the district court. This court's opinion of Rothenberg supports the district court. This court's unpublished opinions in Johnson, Wilkerson, and Carter support the district court. The defendant here at oral argument mentioned a double-counting argument. I honestly don't understand what she's talking about. That's not in the briefs anywhere. There was no double-counting here. The district court properly implied that in sentencing enhancement, the district court imposed a reasonable sentence. This court should affirm the district court. If you don't have any questions, I'll rest on my brief. I don't. Neither does Judge Traxler. Thank you. Thank you. I assume we'd hear from Judge Joflat if he had. One final comment, and that is that this is a defendant who had a ninth-grade education.  He was in the military. When a person pleads guilty, they're giving up a whole panoply of rights, and they expect to receive some benefit in exchange. The lawyers often tell their clients, if you go to trial, you're likely to get convicted. You would be much better off to take a guilty plea now, and perhaps the judge will be more lenient at sentencing. If defendants determine that there's actually no benefit to pleading guilty, that they're not going to get a lower sentence and can get the statutory maximum, it really may encourage more jury trials, which will then not inertia judicial economy, but will take up more of the court's time and more of public defender and court-appointed lawyer's time. I'm actually for more trials. And so are many defense lawyers, but it's just the way the system works at the present time. I understand. Thank you, Your Honor. Thank you for your presentation.